UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
TAWN ALICE C.,

                      Plaintiff,        <u>DECISION AND ORDER</u>
                                            1:24-CV-02829-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In April of 2022, Plaintiff Tawn Alice C.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Hiller Comerford Injury and Disability Law, Justin M. Goldstein, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

This case was referred to the undersigned on November 26, 2024. Presently pending are the parties' requests for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's request is due to be granted, the Commissioner's request is due to be denied, and this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.  *Administrative Proceedings*

Plaintiff applied for benefits on April 25, 2022, alleging disability beginning February 28, 2022. (T at 203-206).[2] Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on May 22, 2023, before ALJ Michael Stacchini. (T at 33-57). Plaintiff appeared with a non-attorney representative and testified. (T at 39-52). The ALJ also received testimony from a vocational expert. (T at 53-56).

### B.  *ALJ's Decision*

On June 7, 2023, the ALJ issued a decision denying the application for benefits. (T at 14-32). The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2022 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2027 (the date last insured). (T at 19).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine; osteoarthritis of the left knee; osteoarthritis/plantar fasciitis of the left foot; osteoarthritis of the right foot; hip replacements; left shoulder adhesive capsulitis; hypertension; and asthma were severe impairments as defined under the Act. (T at 19).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 20).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can perform no more than occasional climbing ramps and stairs, with no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; frequent reaching; and she should avoid concentrated exposure to atmospheric conditions, unprotected heights, and hazardous machinery. (T at 21).

The ALJ concluded that Plaintiff could not perform her past relevant work as a firefighter. (T at 25).

However, considering Plaintiff's age (48 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ

determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 26).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between February 28, 2022 (the alleged onset date) and June 7, 2023 (the date of the ALJ's decision). (T at 27).

On February 14, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on April 15, 2024. (Docket No. 1). On July 17, 2024, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 12). The Commissioner interposed a brief requesting judgment on the pleadings, on August 14, 2024. (Docket No. 13). On August 28, 2024, Plaintiff submitted a reply brief. (Docket No. 14).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

4

The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of

the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

  B. *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe

> impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See *Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y. 2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

In the present case, Plaintiff treated with several physicians during the relevant period (Salvador Portugal, D.O., Glenn H. Boyar, M.D., Suzanne Brown, D.O., Daniela Spitzer, M.D., Nicole S. Belkin, M.D., Mark C. Stillman, M.D., and Alan N. Berman, D.P.M).

Notably, however, the record does not contain an assessment of Plaintiff's work-related limitations from any of these treating providers.  The Court finds that the ALJ erred by failing to seek such an assessment.

The Commissioner contends that a treating provider opinion was not necessary because the record contains multiple assessments from consulting and review physicians, along with treatment notes from the treating physicians.

However, it is well-settled that an "ALJ must attempt to obtain medical opinions—not just medical records—from a claimant's treating physicians." *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022)(citing *Prieto v. Comm'r of Soc.*

*Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *10–11 (S.D.N.Y. Aug. 6, 2021) (collecting cases)).

"Medical opinions from treating physicians are critical because, beyond simply diagnosing the patient's impairment, they relate the impairment to the patient's functional capacity." *Skartados*, 2022 WL 409701, at *4 (citing *Guillen v. Berryhill*, 697 F. App'x 107, 109 (2d Cir. 2017) ("The medical records discuss her illnesses and suggest treatment for them, but offer no insight into how her impairments affect or do not affect her ability to work, or her ability to undertake her activities of everyday life.")).

"It is not sufficient for the ALJ simply to secure raw data from the treating physician. What is valuable about the perspective of the treating physician—what distinguishes him from the examining physician and from the ALJ—is his opportunity to develop an informed *opinion* as to the … status of a patient." *Robins v. Astrue*, No. CV-10-3281 FB, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011)(quoting *Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y.1991)(emphasis original).

The Commissioner points out correctly that since March 27, 2017, the ALJ no longer applies the "treating physician's rule," but considers all medical opinions and "evaluate[s] their persuasiveness" based on

supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).

Nonetheless, the importance of treating provider opinions is still recognized and the duty to develop the record, which includes re-contacting treating physicians when needed to afford the claimant a full and fair hearing based on an adequately developed record, applies to claims governed by the new Regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023); *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022).

Moreover, the record shows that further development might yield a different disability determination. In March of 2022, Dr. Glenn Boyer, one of the treating physicians, recommended that Plaintiff "not return to work until further notice." (T at 573). Although such a statement, standing alone, is not assigned any persuasive power, it is evidence of a belief on the physician's part that Plaintiff had significant work-related limitations. It, therefore, was incumbent upon the ALJ to seek an assessment from that

physician, particularly since the record did not contain any treating provider opinions.

The Commissioner also notes that Plaintiff's representative advised the ALJ that the record was complete during the administrative hearing.[3] (T at 38-39, 56).

Some courts have concluded that an ALJ may rely on a representation from claimant's counsel that the record is complete.  *See, e.g., Torres v. Colvin*, No. 12 CIV. 6527 ALC SN, 2014 WL 4467805, at *6 (S.D.N.Y. Sept. 8, 2014)("Because the record was held open and Plaintiff failed to provide supplemental evidence, the ALJ fulfilled his duty to develop the record."); *Regino v. Comm'r of Soc. Sec.*, No. 20CV8518RABCM, 2022 WL 4369919, at *14 (S.D.N.Y. Aug. 31, 2022), *report and recommendation adopted sub nom. Regino v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-8518 (RA), 2022 WL 4368187 (S.D.N.Y. Sept. 21, 2022)("It was not error, under these circumstances, for the ALJ to take the representative at her word.").

The present case, however, is distinguishable.

---

[3] The Commissioner refers to this person, Matthew Nutting, as Plaintiff's "counsel." Although Mr. Nutting is identified as counsel in the transcript of the administrative hearing, the record shows he is not an attorney. (T at 101).

In *Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005), the panel affirmed the denial of benefits even though the ALJ did not contact or obtain records from the treating physician. But in addition to holding the record open to allow claimant's counsel to obtain the treating provider records, the ALJ in *Jordan* contacted counsel to follow-up on the status of his efforts and counsel responded that the claimant had "nothing further to add to the record." *Id.*

Likewise, in *Frye v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir. 2012), the panel found the record "fully developed" where the ALJ held the record open "so that counsel could submit additional evidence, *contacted counsel when no further evidence was received*, and, at counsel's request, granted an extension of time to obtain evidence." *Id.* (emphasis added).

Here, unlike in *Jordan* and *Frye*, the ALJ did not take any "independent steps" to ensure the record was complete and cannot be said to have satisfied his duty to develop the record. *See, Colucci v. Acting Comm'r of Soc. Sec.*, No. 19-cv-01412 (KAM), 2021 U.S. Dist. LEXIS 62081, at *17 (E.D.N.Y. Mar. 31, 2021)(distinguishing *Jordan* because "there is no evidence that the ALJ sent a reminder to plaintiff's attorney"); *Sotososa v. Colvin*, No. 15-CV-854 (FPG), 2016 U.S. Dist. LEXIS 152800, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) ("The Second Circuit has

indicated that the ALJ may rely on the claimant's counsel to obtain missing evidence under some circumstances, but it has stopped short of holding that the ALJ may delegate his or her duty to the claimant's counsel. In *Jordan* and *Frye*, the Second Circuit determined that the ALJs satisfied their duty to develop the record because, even though the ALJs relied on counsel to obtain missing evidence, they also took independent steps to complete the record."); *see also Carr v. Comm'r of Soc. Sec.*, 16 Civ. 5877 (VSB) (JCF), 2017 U.S. Dist. LEXIS 72209, at *29-33 (S.D.N.Y. May 11, 2017).

In the present case the ALJ took no further action and simply blindly relied upon the representation of Plaintiff's representative that the record was complete.  Because the record did not contain any assessment of Plaintiff's work-related limitations from any of the treating providers the ALJ should have taken further independent action to obtain assessments from the treating providers.

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are

13

gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

For the foregoing reasons, the Court concludes that a remand is necessary for further development of the record.[4]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's request for Judgment on the Pleadings is GRANTED; the Commissioner's request for Judgment on the Pleadings is DENIED; and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment and then close the file.


Dated: December 16, 2024          *s/ Gary R. Jones*
                                  GARY R. JONES
                                  United States Magistrate Judge

---

[4] Plaintiff also challenges the ALJ's RFC finding, particularly with respect to her ability to reach, and the ALJ's assessment of her subjective complaints in light of her excellent work history.  Plaintiff's RFC and subjective complaints will necessarily need to be reconsidered on remand after further development of the record.